1

2

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| | Case No. CV-14-192-JPH |
| LORI LYNN NOGGLES, | |
| Plaintiff, | ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| vs. | |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

**BEFORE THE COURT** are cross-motions for summary judgment. ECF No. 14, 15. Attorney Lora Lee Stover represents plaintiff (Noggles). Special Assistant United States Attorney Jeffrey E. Staples represents defendant (Commissioner). The parties consented to proceed before a magistrate judge. ECF No. 7. After reviewing the administrative record and the briefs filed by the parties, the court **grants** defendant's motion for summary judgment, ECF No. 15.

**JURISDICTION**

Previously Noggles was found eligible for disability income benefits (DIB) as of March 1, 2005, based on mental limitations (Tr. 22). It was determined that as of

ORDER ~ 1

July 29, 2011 she was no longer eligible for disability benefits (Tr. 148-50). Reconsideration was denied (Tr. 152-57). Pursuant to plaintiff's timely hearing request, Administrative Law Judge (ALJ) Marie Palachuk held a hearing February 7, 2013. Plaintiff, two medical experts and a vocational expert testified (Tr. 44-87, 170). The ALJ issued an unfavorable decision March 1, 2013 (Tr. 19-42).  Plaintiff asked the Appeals Council for review March 23, 2013, but they denied her request May 1, 2014 (Tr. 1-6, 17-18). She appealed pursuant to 42 U.S.C. §§ 405(g) on June 16, 2014. ECF No. 1, 4.

## STATEMENT OF FACTS

The facts appear in the administrative hearing transcript, the decisions below and the parties' briefs. They are only briefly summarized here and throughout this order as necessary to explain the Court's decision.

ALJ determined plaintiff's disability ended as of July 29, 2011. On that date Noggles was 51 years old. She attended school for twelve years but left before graduation. She has not earned a GED. She has worked as a baker, commercial cleaner, auto parts deliverer and short order cook (Tr. 33, 63-65, 76, 293, 359).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or

can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also provides that a plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. However, an eight-step process is used to determine if a person continues to be disabled. 20 C.F.R. 404.1594. Step one determines if the person is engaged in substantial gainful activities. If so and any applicable trial work period has been completed, the complainant is no longer disabled. 20 C.F.R. § 404. 1594(f)(1). At step two, it is determined whether plaintiff has an impairment or combination of impairments which meets or medically equals the criteria of any listed impairment. 20 C.F.R. §§ 404.1520(d), 404.1524 and 404.1526. If claimant does, he disability continues. 20 C.F.R. 404.1594(f)(2).

At step three it must be determined whether medical improvement has occurred. 20 C.F.R. 404.1594(f)(3). Medical improvement is any decrease in

medical severity of the impairment(s) as established by improvements in symptoms, signs and/or laboratory findings. 20 C.F.R. 404.1594(b)(1). If medical improvement has occurred, the analysis proceeds to the fourth step. If not, the analysis proceeds to the fifth step.

At step four, it must be determined whether medical improvement is related to the ability to work. 20 C.F.R. 404.1594(f)(4). Medical improvement is related to the ability to work if it results in an increase in the claimant's capacity to perform basic work activities. 20 C.F.R. 404.1594(b)(3). If it does, the analysis proceeds to the sixth step.

At step five, it must be determined if any exception to medical improvement applies.. 20 C.F.R. 404. 1594(f)(5). There are two groups of exceptions: 20 C.F.R. 404.1594(d) and (e). If one of the first group of exceptions applies, the analysis proceeds to the next step. If one of the second group of exceptions applies, the claimant's disability ends. If none apply, the claimant's disability continues.

At step six, it must be determined whether all the claimant's current impairments in combination are severe. 20 C.F.R. 404.1594(f)(6). If all current impairments in combination do not significantly limit the ability to do basic work activities, the claimant is no longer disabled. If they do, the analysis proceeds to the next step.

At step seven, the claimant's residual functional capacity must be assessed based on the current impairments and it must be determined if past relevant work can be performed. 20 C.F.R. 404.1594(f)(7). If a claimant is  able to perform past relevant work, disability has ended. If not, the analysis proceeds to the last step.

At step eight, it must be determined whether other work exists that the claimant can perform, given the residual functional capacity, and considering age, education and past work experience. 20 C.F.R. 404.1594(f)(8). If the claimant can perform other work, she is no longer disabled. If the claimant cannot perform other work, her disability continues. Although the claimant generally continues to  have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the Social Security Administration. In order to support a finding that an individual is not disabled at this step, the Administration is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education and work experience.

*Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984) or a step eight cite

**STANDARD OF REVIEW**

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold a Commissioner's decision, made through an ALJ, when the determination is not based on legal error and is

supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(citing 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-02 (9th Cir. 1989). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971)(citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebreeze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989)(quoting *Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial evidence will still be

ORDER ~ 6

set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

## ALJ'S FINDINGS

At step one ALJ Palachuk found Noggles did not work at substantial gainful activity levels during the relevant period (Tr. 24). At step two, she found that as of July 29, 2011, Noggles suffered from the medically determinable impairments of diabetes mellitus controlled with medication; lower back pain; left shoulder pain; history of asthma; anxiety disorder NOS; depressive disorder NOS and personality disorder with borderline features  (Tr. 24). At step three the ALJ found that since July 29, 2011, Noggles did not have an impairment or combination of impairments that met or medically equaled the severity of a Listed impairment (Tr. 28).

The ALJ found medical improvement occurred as of July 29, 2011 (Tr. 29). She found the improvement is related to the ability to work because it resulted in an increase in Noggles' mental residual capacity  (Tr. 29).  The ALJ found that as of July 29, 2011, Noggles continued to have severe impairments. She assessed an RFC for a range of medium work with mental limitations (Tr. 30). Relying on the

vocational expert's testimony, the ALJ found that, as of July 29, 2011, Noggles was able to perform her past relevant work as an auto parts deliverer (Tr. 33, 81)[The decision appears to contain a typographical error at last full paragraph of page 33: "Although the claimant is capable of performing past relevant work as a housekeeper cleaner" [.] The final sentence under heading 10 of the same page states "Ms. Lawson testified that with the residual functional capacity as determined, the claimant would be able to perform her past relevant work as an auto parts deliverer" (Tr. 33). This was in fact Ms. Lawson's testimony. Tr. 81.]  Alternatively, at the last step, the ALJ again relied on the VE and found that as of July 29, 2011, Noggles has been able to perform other work such as housekeeper/cleaner and bakery conveyor line worker (Tr. 34). Accordingly, the ALJ found plaintiff's disability ended as of July 29, 2011 (Tr. 35).

## ISSUES

Noggles alleges the ALJ erred in three respects: when she assessed credibility, weighed the medical evidence and determined her residual functional capacity.

## DISCUSSION

*A. Credibility*

When presented with conflicting medical opinions, the ALJ must determine credibility and resolve the conflict. *Batson v. Comm'r of Soc. Sec. Admin*., 359 F.3d 1190, 1195 (9th Cir. 2004)(citation omitted). Absent affirmative evidence of

malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995).

Noggles alleges the ALJ failed to give clear and convincing reasons for finding her less than credible. ECF No. 14 at 13-14. She alleges that because psychological testing profiles were valid "and the record demonstrates objective evidence of abnormalities," the ALJ's assessment is unconvincing and not persuasive. ECF No. 14 at 14.

Defendant responds that the appropriate standard of review is substantial evidence rather than clear and convincing reasons, and the ALJ's reasons meet this standard. ECF No. 15 at page 3, n 1. The standard of review defendant urges is incorrect. In this circuit the law has long been that, absent evidence of malingering, a claimant's credibility may only be discredited for clear and convincing reasons supported by substantial evidence. See *Lester,* 81 F.3d at 834.

Next, defendant points out plaintiff fails to allege with any specificity the ALJ's purportedly improper reasons.  Plaintiff' asserts that the assessment "is not based on any convincing evidence" and the ALJ's rationale "are [sic] not persuasive." Defendant notes this fails to identify or challenge *any* of the reasons the ALJ gave for her credibility assessment. ECF No. 15 at 3, referring to ECF No. 14 at 14. Citing *Independent Towers of Wash. v. Wash*., 350 F.3d 925, 929 (9th Cir. 2003), defendant notes that this "circuit has repeatedly admonished that we cannot

'manufacture arguments for an appellant' and therefore we will not consider any claims that were not actually argued appellant's opening brief" (internal citation omitted). "[A] bare assertion of an issue does not preserve a claim." *Independent Towers of Wash.*, 350 F.3d at 929, citing *Greenwood v. Fed. Aviation Admin.*, 28 F.3d 971, 977 (9th Cir. 1994).

Rather, the court "review[s] only issues which are argued specifically and distinctly in a party's opening brief." *Id*. Applying this standard, the Court has refused to address claims that were only "argue[d] in passing," *Brownfield v. City of Yakima*, 612 F. 3d 1140, 1149 n. 4 (2012), or that were "bare assertion[s] ... with no supporting argument," *Navajo Nation v. U.S. Forest Serv.*, 535 F.3d 1058, 1079 n. 26 (9th Cir. 2008).

Although plaintiff failed to assign specific error, the Court's review shows that the ALJ relied on the lack of reported mental health symptoms, lack of consistent mental health treatment, improvement with increased medication, inconsistent statements and daily activities. Substantial evidence supports the ALJ's clear and convincing reasons (Tr. 31-32).

Plaintiff has engaged in a wide variety of activities. She volunteered at children's classes and after school programs at the Salvation Army; attended culinary arts school for three months; completed an eight month nail technician training course; cared for two children (ages ten and fourteen at the hearing); drove;

shopped; rode the bus, attended church once a month and occasionally cared for a thirteen month old infant (Tr. 32, 63, 68, 367, 433, 658-59).

The ALJ is correct plaintiff  was approved for benefits in May 2007, based on mental limitations, yet she made no mental health complaints until May 2011. At that time her antidepressant was increased  (Tr. 31, 695-96).  Plaintiff did not return to this clinic, Columbia Medical Associates, until four months later, in October 2011 (Tr. 702). In February 2012 she established care at the CHAS Clinic and reported she stopped taking her prescribed medications three months ago. The ALJ notes that, again, mental health complaints are minimal (Tr. 31, 706-38).

Plaintiff's work activity ended because she moved or quit, not due to her impairments  (Tr. 32). This is properly considered when assessing credibility. *See Bruton v. Massanari*, 268 F.3d 824, 828 (9th Cir. 2001).

*Inconsistent statements*

In the court's view,  plaintiff's statements cited by the ALJ appear consistent and would not in themselves support a negative credibility finding. Plaintiff testified she naps every day for an hour or two because she is frequently up during the night. The ALJ found this was inconsistent with statements to provider Frontier Behavioral Health that she sleeps eight to nine hours a night  (Tr. 32, comparing Tr. 73 with Tr. 752). In fact, plaintiff told Frontier Behavioral Health she averaged eight to nine hours of sleep a night *if she takes a full trazodone, but then has trouble getting up.  If*

1  *she takes a half dose, she sleeps very lightly and is awake off and on all night.* In the

2  same record she complained of insomnia for the past three years. See Tr. 752 (italics

3  added to ALJ's reference). Consistent with her statement to Frontier providers,

4  plaintiff also testified  trazedone causes her to wake up late (Tr. 74).

5  The ALJ states plaintiff indicated  [in June 2012] she had had no mental

6  health treatment  (Tr. 31, citing Tr. 334). In fact, plaintiff's report says "I am on a

7  waiting list for mental health counseling." Plaintiff testified she saw counselors

8  weekly for the two years she lived at Anna Ogden Hall, from about 2007 to 2009.

9  She later saw counselors at the Salvation Army, where she lived from about 2009 to

10  2011 (Tr. 31, 66-67). In the court's view these statements are consistent. The record

11  does not support the ALJ finding these statements inconsistent.

12  However, the majority of the ALJ's reasons are clear, convincing and

13  supported by substantial evidence. *See Thomas v. Barnhart*, 278 F.3d 947, 958-59

14  (9th Cir. 2002) (inconsistencies between statements and conduct and the extent of

15  daily activities are properly considered ); *Burch v. Barnhart*, 400 F.3d 676, 680 (9th

16  Cir. 2005) (lack of consistent treatment properly considered); and *Warre v. Comm'r*

17  *of Soc. Sec. Admin.,* 439 F.3d 1001, 1006 (9th Cir. 2006)(impairments controlled

18  effectively with medications are not disabling for the purpose of determining SSI

19  benefit eligibility). The ALJ's error here is clearly harmless because the overall

20  determination is supported by clear and convincing reasons which are in turn

ORDER ~ 12

1  supported by substantial evidence.

2      *B. Medical evidence*

3      Plaintiff alleges the ALJ erred when she failed to credit the opinion of

4  Anthony Francis, M.D., a testifying orthopedist. ECF No. 14 at 9, 12-13. Dr. Francis

5  opined plaintiff was capable of a restricted range of light work. He limited arm use

6  to occasional. Defendant points out the ALJ gave some weight to Francis's opinion,

7  but gave more to that of examining doctor Ken Young, D.O. An examining doctor's

8  opinion is generally entitled to greater weight than a reviewing doctor's. ECF No. 15

9  at 5-6, citing Tr. 32, 50, -52, 664-68.

10     Defendant is correct. An examining doctor's opinion is entitled to greater

11  weight than a reviewing doctor's. *Lester v. Chater*,  81 F.3d 821, 830 (9th Cir. 1995).

12  Dr. Young opined plaintiff could perform medium work with the ability to reach,

13  handle, finger and feel frequently (Tr. 667).  He limited reaching with the left arm to

14  frequently and noted no limitations for the dominant right arm. The ALJ went

15  further and limited reaching on the left to occasional  (*cf*. Tr. 30 *with* Tr. 667). In this

16  respect the ALJ's assessment is more consistent with Dr. Francis', who also limited

17  left arm reaching to occasional. Plaintiff cites nothing showing the ALJ erred when

18  she weighed these two opinions.

19     *C. RFC*

20     Last, Noggles alleges the ALJ erred when she assessed her residual physical

1    functional capacity. ECF No. 14 at 14-15. Defendant responds this is simply another

2    way of again stating that the ALJ failed to properly weigh the evidence. ECF No. 15

3    at 6-7.

4         Defendant is correct.

5         The ALJ properly weighed the contradictory evidence. The record fully

6    supports the assessed RFC. Although Noggles alleges the ALJ should have weighed

7    the evidence differently, the ALJ is responsible for reviewing the evidence and

8    resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747,

9    751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts

10   in evidence. *Richardson v. Perales*, 402 U.S. 389,  400 (1971). If evidence supports

11   more than one rational interpretation, the Court may not substitute its judgment for

12   that of the Commissioner. *Tackett,* 180 F.3d 1094, 1097 (9th Cir. 1999); *Allen v.*

13   *Heckler*, 749 F.2d 577, 579 (9th 1984). If there is substantial evidence to support the

14   administrative findings, or if there is conflicting evidence that will support a finding

15   of either disability or nondisability, the finding of the Commissioner is conclusive.

16   *Sprague v. Bowen*, 812 F.2d 1226, 1229-30 (9th Cir. 1987).

17        The ALJ's determinations are supported by the record and free of harmful

18   legal error.

19                              **CONCLUSION**

20        After review the Court finds the ALJ's decision is supported by substantial

ORDER ~ 14

evidence and free of harmful legal error.

**IT IS ORDERED:**

Defendant's motion for summary judgment, **ECF No. 15**, is **granted.**

Plaintiff's motion for summary judgment, ECF No. 14, is denied.

The District Court Executive is directed to file this Order, provide copies to counsel, enter judgment in favor of defendant and **CLOSE** the file.

DATED this 1st day of April, 2015.

<em><u>S/ James P. Hutton</u></em>

JAMES P. HUTTON<br>UNITED STATES MAGISTRATE JUDGE

ORDER ~ 15